## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. **REGINALD L. MATTHEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIV-15-** 481-R |
| | ) | |
| 1. **ELECTRA LINK, INC.,** | ) | |
| | ) | **ATTORNEY LIEN CLAIMED** |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Reginald L. Matthews, and for his Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.     Plaintiff, Reginald L. Matthews, is an African American adult male resident of Oklahoma County, Oklahoma.

2.     The Defendant is Electra Link, Inc., an entity doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.     This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination.

4.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

1

5.     All of the actions complained of herein occurred in Oklahoma County, Oklahoma.  Defendant is doing business in such county and may be served in said county. Oklahoma County is located in the Western District of Oklahoma.  Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.     To the extent required, Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 9, 2014.  Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated February 11, 2015 (received by Plaintiff by mail thereafter), and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7.     Matthews, a Black male, began his employment with Defendant on or about September 15, 2012 as a Foreman.  Matthews was hired by Office Manager Patrick Linville (who is White) and his supervisor was General Manager Bruce Conley (who is White).  At some point during Matthews' employment, Linville's employment ended with Defendant.

8.     Beginning in or around October 2013, Matthews was scheduled significantly less hours than he had been scheduled in the past.  At times Matthews' hours were reduced from at least 40 hours a week (and overtime hours on several occasions) to around 10-15 hours a week without any justification.  And, significantly, White employees were not only working full-time, but also getting overtime, i.e., being assigned about 60-70 hours a week.

2

9.      In or around early 2014, Matthews asked new General Manager Collin Long (who is White) why he was not being assigned full-time hours when other employees were allowed to work overtime.  Long stated it was allegedly because the employees were already on job sites, so he just let them finish out their work.  Matthews responded that the prior practice had been that the workers would switch out when their normal eight-hour shifts ended.  In other words, previously, multiple teams were assigned to a project so that when one crew was off work, the other crew would go to the site and continue working on the project.  This allowed the next crew to take over where the last crew left off.   In response, Long stated that he would get back with Matthews.  However, Long did not follow up with Matthews. And, despite this conversation, Long continued to significantly reduce Matthews' and other Black employees' hours without justification.

10.     On or about April 8, 2014, Matthews was terminated.  Long told Matthews that he was letting eight (8) employees go due to alleged lack of work.  However, Long only called in four (4) employees to his office to terminate them: Plaintiff Matthews, Darren Matthews (who is Black), Tyvinski Long (who is Black), and Chris McAlister (who is Black).  He informed the four (4) Black employees that he was letting them go because they allegedly did not have a car and he could not count on them to show up for work.

11.     This reason for termination was merely pretext for unlawful race discrimination.  Matthews was only late once during his employment and worked additional hours in that instance so that no time was actually lost on that one occasion.  Matthews had

never received any written discipline for alleged attendance (or any other) issues. And, upon information and belief, the other Black employees terminated had similar attendance records.

12.    Also, despite Collins' representation that there was no work available, the employees still had two (2) weeks left on the project they were working on.

13.    Upon information and belief, despite Collins saying eight (8) employees were being let go due to lack of work, only Matthews and the three other Black employees were let go.

14.    And, in or around the first week of April 2014, Collins hired two (2) new White employees. The new employees did not own a car. However, these White employees continued working for Defendant after Matthews and the other Black employees were terminated.

15.    Further, from October 2013 until his termination, Matthews was scheduled significantly less hours total than his White counterparts who worked throughout that time period.

16.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - Title VII Violations

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

17.    The matters alleged above constitute violations of Title VII of the Civil Rights

Act of 1964 in the nature of race discrimination.

18.    Plaintiff is entitled to relief under Title VII because he is Black, was qualified for his job, had his hours cut and was terminated, and his position was not actually eliminated after his termination.

19.    As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

20.    Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT II - 42 U.S.C. § 1981 Violations

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

21.    The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination.

22.    As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and non-pecuniary losses.

23.    Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, punitive damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

### **RESPECTFULLY SUBMITTED THIS 4th DAY OF MAY, 2015.**

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
LAUREN W. JOHNSTON, OBA # 31744
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800        (telephone)
(405) 239-3801        (facsimile)
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

6